

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-23,129-10

### EX PARTE TIMMY LYNN DUKE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W91-31292-L (E) IN THE CRIMINAL DISTRICT COURT NUMBER FIVE FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of burglary of a habitation and sentenced to imprisonment for twenty-five years.

Applicant alleges that he is actually innocent based upon newly discovered evidence, his plea was involuntary, and he received ineffective assistance of counsel in this case resulting in an involuntary plea of guilty.

The habeas record has been properly forwarded to this Court by the district clerk pursuant to TEX. R. APP. P. 73.4(b)(5). However, the record has been forwarded without the trial court

entering findings of fact and conclusions of law regarding Applicant's claims and the parties have filed an agreed motion to remand this matter because they "concur that there are material unresolved issues concerning the Applicant's innocence and the voluntariness of his plea that require the development of further evidence." This motion has also been agreed to by the trial court.

We remand this application to the Criminal District Court Number Five of Dallas County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed:          November 15, 2017
Do not publish